F.#

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

- - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ NOV 25 2014 ★

**LONG ISLAND OFFICE**

APPLICATION

**14-1542MC**

      Allen Bode, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider") disclose recorded information identifying the base station towers and sectors that received transmissions from a) 631-827-1128, b) 631-652-8971 and c) 631-918-2533, telephones issued by the service provider (the "SUBJECT TELEPHONES"), at the beginning and the end of calls or text message transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during any calls or text message transmissions, for the period from August 30, 2014 to November 13, 2014 (collectively, the "HISTORICAL CELL-SITE INFORMATION").

      In support of this application I state the following:

      1.    I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York. As such, I am a duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d) and, as such, am authorized to apply for Orders authorizing the disclosure of the HISTORICAL CELL-SITE INFORMATION.

      2.    The Court is authorized to order the disclosure of the HISTORICAL CELL-SITE INFORMATION upon the government offering specific and articulable facts

1

showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation. 18 U.S.C. § 2703(d).

       3. I have discussed this matter with a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (the "investigative agency"), who is involved in the investigation. Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d). First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including child pornography receipt and access with intent to view child pornography in violation of Title 18, United States Code, Sections 2252 and 2252A, occurring in the Eastern District of New York and elsewhere. Second, it is believed that residents of 29 Havemeyer Lane, Commack, NY, including William D. Gulick Jr., William D. Gulick, Sr. and Therese Casoria, and others known and unknown, have used the SUBJECT TELEPHONES during the time period referenced above. Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by allowing investigators to determine which of the SUBJECT TELEPHONES was present or absent from 29 Havemeyer Lane, Commack, NY, at the times which child pornography files were downloaded and accessed from that location. In sum, this data will potentially confirm or exclude the three subjects as the culpable party.

       4. Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation:

5. Beginning on or about October 15, 2014, HSI agents were investigating computers with New York IP addresses that were offering or had been previously sharing child pornography on the Internet. HSI agents were looking for offenders actively sharing child pornography within New York State via the Gnutella network. Using P2P software and the database described above, HSI agents identified IP address 72.89.135.89 also subscribed to the 29 Havemeyer Lane, Commack, NY, as a computer(s) that had been observed connected to the Internet from August 31, 2014 to October 26, 2014, and was reporting to other peers that it was sharing images and/or videos related to child pornography, based upon hash values1 which were known by law enforcement to match previously identified child pornography hash values.

6. Titles of video and image files hosted by a computer at IP address 72.89.135.89 were indicative of child pornography. Based upon Sha-1 value matches, the computer at IP Address 72.89.135.89 was reporting to other peers that the following files (among others) were available for sharing:[2]

> a. The video file with a hash value of "55TKPNJCK44I3LMXZAOZYE2CSVAZYFAY" titled "((Hussyfan))_Pthc_Nadya03_Cute_Girl_10Y_(Oral_Kiddy_Pedo)_8.11.00.avi"

---

[1] "Hash value" refers to a mathematical algorithm generated against data to produce a numeric value that is representative of that data. A hash value may be run on media to find the precise data from which the value was generated. The hash values observed here involve a file encryption method called Secure Hash Algorithm-1 ("SHA-1"). SHA-1, developed by the National Institute of Standards and Technology ("NIST"), along with the National Security Agency ("NSA"), for use with the Digital Signature Standard ("DSS") is specified within the Secure Hash Standard ("SHS"). The United States of America has adopted the SHA-1 hash algorithm described herein as a Federal Information Processing Standard. Digital files can be processed by this SHA-1 process resulting in a digital signature, akin to a fingerprint. By comparing these digital signatures one can conclude that two files are identical with a precision that greatly exceeds 99.9999 percent certainty. I am aware that law enforcement officers/agents have researched the work of many in the computer forensic community and have been unable to locate any documented occurrence of two different files having different contents while having the same SHA-1 value.

[2] These images were reviewed by the Honorable A. Kathleen Tomlinson on November 7, 2014, in connection with the issuance of the search warrant described below.

3

which shows a A girl approx. 4-6 years with her legs spread while lying on a bed and vaginally penetrated by an adult males penis. This video file was offered for sharing on September 25, 2014 at 17:06 GMT; and

b. The video file with a hash value of "SYWN7RV26WLF7LTCKRTOV5VYDJE6ANTR" titled "1 ((hussyfan)) pthc_colombia_girl_sexo infantil(3)(2)(2).avi" which shows a prepuebescent male performing oral sex on what appears to be an adult male. Both the child and male are naked and are laying on a bed. This video file was offered for sharing on September 25, 2014 at 11:37 GMT; and

c. The video file with a hash value of "WY4ESREJEUQ7ZVATZEWE2D4GWTWQEXG6" titled "Pthc-Baby Toddler 2yo Girl Unzipped (she fucks & cums with Daddy-Priceless_!!).mpg" which shows video of an adult male engaged in forced anal sex a female child of approximately 2-4 years of age. During the video the sound of the child crying is heard while the male says "Hold on, we're playing." The male continues to have anal intercourse with the child. This video file was offered for sharing on September 25, 2014 at 4:05 GMT.

7. Pursuant to the investigation, it appears that the computer or computers using IP Address 72.89.135.89, were in use and reporting to peers that various child pornography files were available for sharing between approximately August 31, 2014 and November 12, 2014.

8. Based upon information obtained from criminal record checks, defendant WILLIAM D. GULICK, JR., is a registered sex offender and was arrested on March 23, 1998 for sexual abuse in the 1st degree. GULICK, JR., was arrested again on November 3, 2011 by Suffolk County Police Department for Promoting/Possessing Sexual performance of a child. GULICK, JR., was convicted on June 17, 2013 of Possessing a Sexual Performance of a Child under 16 and is currently on probation for that offense and is required to register as a sex offender. According to the New York State Sex Offender Registry, GULICK, JR., was currently registered as a sex offender at the Commack residence.

The Search Warrant

9. On November 13, 2014, law enforcement personnel executed a search

warrant authorized by the Honorable A. Kathleen Tomlinson (MJ 14-0953) residence of defendant WILLIAM D. GULICK, JR. in Commack, New York, where GULICK, JR. resided with his father and the father's girlfriend.

        10. During the search, defendant WILLIAM D. GULICK, JR., was present and spoke with law enforcement personnel. Agents brought out a Miranda rights form and prior to reading the rights to GULICK, JR., he requested to call an attorney. GULICK, JR. was allowed to and did call an attorney. During this call, agents heard GULICK, JR., loudly state "I'm not going back." GULICK, JR., then reached into a nearby kitchen drawer stating he was "getting a pen," and grabbed a pen and a 5 inch steak knife. GULICK, JR., held the steak knife to his heart area and repeatedly threatened to kill himself. During the next approximately thirty-five to forty minutes, GULICK, JR. made numerous statements, in sum and substance and in relevant part, as follows: GULICK, JR., stated that "I've been doing this for thirty-five years and the devil has gotten to me," "I can't do this anymore," "This is my third strike," "I did it again," "I just committed another felony," when told to put the knife down, he stated "No, you're going to cuff me and take me to court," "You've been great, it's just I can't go back," "I can't do this again." "I'm going to go in for at least 10 years," "This is different, this is the feds," "Living with this type of disease is worse than any type of cancer, but it's a very sick twisted thing you have to live with every day," "It's a disease you can't get rid of," "My wive and daughters don't deserve this," "I've given myself to the Lord and programs," "I've been doing this since I was four," "I can't go to federal prison, I can't have my kids see that, I'll just go on suicide watch," "It costs me money to have a one-hour supervised visit with kids," "You guys are great and treated me good, but once I get to the courthouse you will turn me over," "They didn't like me in state court, can you imagine federal court," "My wife is too good of a woman to deal with this three times," when he was told

5

that this was not as serious as his prior molestation charges, he stated "I can't control it, those kids on the computers are just as bad as being abused," "Do you know the horror stories I hear? The only people we talk to are people going through this," "On the outside I'm a gentleman, on the inside I'm not."

11. Eventually, when the defendant WILLIAM GULICK, JR., did not put down the knife and plunged it toward his chest with both hands, Suffolk County Police Department Emergency Services officers were forced to use a Taser device to disarm and safeguard GULICK, JR.

12. A preliminary analysis of the schedule of the defendant WILLIAM GULICK, JR., as well as his father, William D. Gulick, Sr., and the father's girlfriend Therese Casoria, showed that the peer-to-peer child pornography hash values which were reported by the computer(s) at GULICK, JR.'s residence occurred when GULICK, JR. was home alone and his father and father's girlfriend were not present. Specifically, on August 31, 2014, the father and girlfriend were at a wake, on September 13, 2014, the father and girlfriend were out-of-state in Connecticut, on September 24-27, 2014, the father and girlfriend were out-of-state in Florida, on October 26, 2014, November 7, 2014 and November 12, 2014, the father and girlfriend were out of the residence together. Moreover, I am aware that GULICK, JR. was serving jail for a probation violation in approximately late August, and the records show no peer-to-peer activity while he was incarcerated.

13. A preliminary search of some of the computer equipment in the residence of the defendant WILLIAM GULICK, JR., revealed a deleted file on a Toshiba laptop, which was manufactured in the Philippines. This file, titled "Preview of Bibcam – Luke M Detroit Pt1_NEW.mpg," is approximately 1-second long, and depicts the torso of a male of undetermined

age. I am aware, however, that "Bibcam" is commonly used on the Internet to refer to child pornography of "Boy in Bedroom" web cameras. Additionally, filenames consistent with the child pornography files observed via hash values have been found thus far.

14. On November 20, 2014, the Grand Jury voted to indict WILLIAM D. GULICK, JR., for Receipt and Access with Intent to View Child Pornography (14CR608(ADS)(ISL)). At the Grand Jury proceeding, William D. Gulick, Sr. and Therese Casoria testified that they were not present at the Havemeyer residence on the specific dates and times which files were downloaded/accessed.

15. The HSI investigation has shown that WILLIAM D. GULICK, JR., was using cellphone 631-827-1128, his father, William D. Gulick, Sr., was using cellphone 631-652-8971 and the father's girlfriend, Therese Casoria, was using cellphone 631-918-2533, during the time period that the child pornography hash values were observed at the Havemeyer residence. As such, the HISTORICAL CELL-SITE INFORMATION will likely corroborate the location of these residents of the Havemeyer residence and is thereby relevant and material to this ongoing criminal investigation into the specified violations of federal criminal laws.

16. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the SUBJECT

TELEPHONES during any calls or text message transmissions, for the period from August 30, 2014 to November 13, 2014.

15. No prior request for the relief set forth herein has been made except to the extent set forth above. The foregoing is affirmed under the penalties of perjury. *See* 28 U.S.C. § 1746.

Dated: Central Islip, New York
November 25, 2014

Allen Bode
Assistant United States Attorney
631-715-7828

8